# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2825

_____

United States of America

*Petitioner - Appellee*

v.

Deborah Brabant-Scribner

*Respondent - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: June 11, 2018
Filed: August 17, 2018

_____

Before WOLLMAN, KELLY, and STRAS, Circuit Judges.

_____

STRAS, Circuit Judge.

Deborah Brabant-Scribner incurred half a million dollars in tax liabilities, waited until the IRS was on the brink of taking her home, and then offered to pay a

tiny fraction of her debt. She now argues that the district court[1] could not approve the seizure of her home until the IRS first responded to her offer. She is mistaken.

When this case began, Brabant-Scribner owed $577,940.30 in federal taxes and penalties. The IRS had already taken her boat and recovered what it could from her bank accounts, leaving her home as the only asset of meaningful value. The government petitioned for permission to levy upon it—that is, to seize it, sell it, and apply the proceeds toward her debt. Brabant-Scribner responded by filing an "Offer in Compromise" with the IRS and an "Objection to Petition" with the district court. In the offer, citing "principles of effective tax administration," she proposed paying $1,000 to settle all of her tax debt. In the objection, which she filed the same day, she claimed that the court could not approve the levy until after she received an answer from the IRS. The district court disagreed and granted the government's petition.

Brabant-Scribner's challenge to the district court's ruling is based on 26 C.F.R. § 301.6334-1(d)(1). The regulation implements the statutory requirement that the IRS must obtain judicial approval before levying on a taxpayer's principal residence. *See* 26 U.S.C. § 6334(e)(1)(A) (allowing the IRS to levy on a taxpayer's principal residence "if a judge or magistrate of a district court of the United States approves (in writing)"); *see also id.* § 6334(a)(13)(B)(i) (providing that without judicial approval, a principal residence is "exempt from levy"). To proceed, the IRS must demonstrate that it has complied with all legal and procedural requirements, that the debt remains unpaid, and that "no reasonable alternative" for collection of the debt exists. 26 C.F.R. § 301.6334-1(d)(1). According to Brabant-Scribner, her offer of compromise was a "reasonable alternative" to seizing her home. But she misreads the regulation: it is about collection, not compromise.

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

The relevant language is a "reasonable alternative for collection of the taxpayer's debt." *Id.* The word "for" is key. An alternative *for* collection refers to a different source from which to collect the debt. For example, a taxpayer might have other assets the IRS can levy on instead of her home, or the IRS could allow the taxpayer to make installment payments to satisfy the debt over time. In either case, the IRS still collects the unpaid debt, just not through the forced sale of the taxpayer's home.

A taxpayer's offer to compromise with the IRS is different. To start, 26 C.F.R. § 301.6334-1(d)(1) does not mention "compromise," or any similar term, but refers only to the collection of debts by the IRS. Accepting a proposal like Brabant-Scribner's would require the IRS to agree not to collect the debt and, instead, to forgive all but a portion of it. *See id.* § 301.7122-1(e)(5) ("Acceptance of an offer to compromise will conclusively settle the liability of the taxpayer specified in the offer."). In short, Brabant-Scribner's "offer in compromise" was not an alternative *for* collection but rather an alternative *to* collection.

The remainder of the regulation confirms our reading. Once the government makes its initial showing, the taxpayer has an opportunity to object and "will be granted a hearing to rebut the Government's prima facie case if the taxpayer . . . rais[es] a genuine issue of material fact demonstrating . . . other assets from which the liability can be satisfied." 26 C.F.R. § 301.6334-1(d)(2). This is the flipside of the government's burden: the government must initially show that only the taxpayer's home can pay down the debt; the taxpayer can then rebut this showing by proving she can in fact pay her debt some other way. A statement by the taxpayer that she is willing and able to pay something less than what she owes—the essence of an "offer in compromise"—has no place in this scheme, because it has no bearing on whether seizing the home is the only way for the IRS to collect the debt. Such an offer does not involve "other assets from which the liability can be satisfied." *Id.* To the

contrary, it involves assets that *cannot* satisfy the liability, but which the taxpayer hopes the IRS will accept in lieu of full satisfaction.

To be sure, Brabant-Scribner is correct that the IRS does settle tax liabilities for less than face value, particularly when the taxpayer cannot afford the full amount (as she claims is the case here). *See* 26 U.S.C. § 7122; 26 C.F.R. § 301.7122-1(b)(2), (3)(i). But this does not, as Brabant-Scribner believes, entitle her to a decision from the agency before a court approves a levy on her home. Nothing requires the district court to ensure that the IRS has fully considered a taxpayer's compromise offer before approving a levy on a taxpayer's home.

When the government has made its case for levying on a taxpayer's home and the taxpayer cannot rebut it, the district court "would be expected to enter an order approving the levy." 26 C.F.R. § 301.6334-1(d)(2). The government and the district court did what was required. We affirm.

_____